**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No. 20-cr-20073

ROBERT BOOKER,

        Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

On February 8, 1995, in the United States District Court for the Northern District of Indiana, Defendant Robert Booker was found guilty by a jury of conspiracy to possess with intent to distribute crack cocaine, 21 U.S.C. § 846, operating a crack house, 21 U.S.C. § 856, and possession with intent to distribute crack cocaine 21 U.S.C. § 841(b)(1)(C). (ECF No. 1-1, PageID.2.) On April 13, 1995, Defendant was sentenced to a twenty-year term of imprisonment and a five-year term of supervised release. (Id. at PageID.3.) An appeal ensued, which ultimately resulted in Defendant being resentenced to a life term of imprisonment. (ECF No. 1-2, PageID.20–26.) In 2015, after a successful motion for reduction in sentence based on a retroactive change in the law, Defendant's overall term of incarceration was reduced to 456 months with a five-year term of supervised release. (Id. at PageID.33–34.) In 2017, through an Executive Order of Clemency, Defendant's overall term of incarceration was further reduced to 360 months with a five-year term of supervised release. (Id. at PageID.35.) After being released early from imprisonment, on January 21, 2020, Defendant began

serving his term of supervised release. (*See* ECF No. 2.) That supervision expires on January 20, 2025. (Id.)

On February 13, 2020, this court accepted jurisdiction over Defendant for the remainder of his supervised release term. (ECF No. 2.) Now pending before the court is Defendant's "Pro Se Motion Seeking Reduced Term of Supervised Release Under § 404 of the First Step Act and Early Termination of Supervised Release," filed May 13, 2022. (ECF No. 3.) Defendant specifically seeks a two-year reduction in his supervision. On June 17, 2022, the Government filed its response opposing said reduction. (ECF No. 4.) For the reasons below, the court finds early termination unwarranted at this time.

The parties agree that Defendant is eligible for a reduction or modification of supervised release on two grounds. First, Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018), provides an avenue for Defendant's requested relief because Defendant's relevant convictions qualify as "covered offenses" for purposes of Section 2 of the Fair Sentencing Act. *United States v. Boulding*, 960 F.3d 774, 779 (6th Cir. 2020); *see also United States v. Shaw*, 957 F.3d 734 (7th Cir. 2020). "While district courts have wide discretion in the First Step Act context, the resentencing decision must be procedurally reasonable and supported by a sufficiently compelling justification." *Boulding*, 957 F.3d at 784. To that end, any review of a motion under the Act must, at a minimum, "include[] an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors." *Id.*

The second ground for modification lies in 18 U.S.C. § 3583(e)(1). That statute provides the court with discretion to terminate a criminal defendant's term of supervised

release if the defendant has completed at least one year of supervised release and the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether a termination is warranted under § 3583(e)(1), the court must also consider the sentencing factors listed in 18 U.S.C. § 3553(a), including the need for a defendant's sentence "to reflect the seriousness of the offense . . . and to provide just punishment for the offense." *Id.* § 3223(a)(2)(A).

In his motion, Defendant advances several circumstances that he believes warrant the early termination of his supervised release. First, he asks the court to consider that, had the Fair Sentencing Act been in effect at the time of his original sentencing, Defendant would have been incarcerated for nine fewer years. (ECF No. 3, PageID.61.) Second, Defendant contends that his twenty-six-year stint of incarceration was sufficient to deter any similar conduct. (Id.) Third, he cites his positive behavior since being released from prison, asserting that it reflects how he poses no risk of danger to the community and why he is no longer in need of rehabilitative services. (Id.) Defendant particularly notes his gainful employment, his full compliance with supervision without need for additional terms, and his stable foundation for community reintegration created through positive family relationships. (Id. at PageID.61–62.)

In response, while acknowledging the "commendable progress" Defendant has made while on supervised release, the Government nonetheless opposes a reduction in his supervised release term at this time. (ECF No. 4, PageID.65-66.) The Government further takes issue with Defendant's contention that he would have received a sentence of nine fewer years through retroactive application of the Fair Sentencing Act,

3

characterizing it as "highly speculative." (Id. at PageID.67, 68.) Rather, the Government contends that, if sentenced today, Defendant's guideline range would be five years minimum to forty years maximum with a mandatory minimum supervised release term of four years, making his current sentence of 360 months and five years' supervised release below the maximum. (Id. at PageID.69.) The Government further argues that, given Defendant's completion of his prison term, a resentencing under the First Step Act would at best reduce the mandatory minimum term of supervised release from five years to four, citing *United States v. Foreman*, 958 F.3d 506, 516 (6th Cir. 2020), in support. (Id.) Instead of reviewing Defendant's early termination request under the First Step Act, however, the Government urges the court to examine the request under the less "convoluted" path of 18 U.S.C. § 3583(e)(1). (Id. at PageID.70.) Under that rubric, the Government contends that the sentencing factors of 18 U.S.C. § 3553(a) do not support modification or termination of Defendant's supervised release at this time. (Id.) Due the severity of Defendant's crimes and their impact on the South Bend community as well as the need for supervised release to assist Defendant in transitioning back into the community after his lengthy prison sentence, the Government asserts that the risk to his rehabilitation and the safety of the community outweigh the benefits of early termination. (Id. at PageID.71.)

    After carefully considering Defendant's motion under the standards set forth both in § 404 of the First Step Act and in 18 U.S.C. § 3583(e)(1), as well as the factors listed in 18 U.S.C. § 3553(a), the court is not persuaded that early termination is appropriate or necessary at this time. Given that Defendant has completed his term of incarceration, practically speaking, the only portion of his sentence subject to modification is his five-

year term of supervised release. Were he sentenced today under the Fair Sentencing Act, Defendant would be subject to a minimum supervised release term of four years. *See Foreman*, 958 F.3d at 515–16. In advocating for a below-the-guideline-range term of supervision of three years, Defendant relies on his success thus far on supervised release and the assumption that he would have served roughly nine years less in prison today for his offenses—and presumably be finished altogether with supervised release. Yet, at least in part, Defendant conflates prison time with that which he theoretically would have spent on supervised release. In so doing, Defendant ignores the primary goal of supervised release in assisting criminal defendants with their transition back into society, particularly for offenders that serve lengthy prison sentences like Defendant. *See United States v. Johnson*, 529 U.S. 53, 59–60 (2000) (Congress intended supervised release to assist individuals in their transition to community life, and thus supervised release fulfills rehabilitative ends, distinct from those served by incarceration). Indeed, "[s]upervised release has no function until confinement ends." *Id.*

Moreover, while Defendant's performance on supervised release has been thus far commendable, he provides no extraordinary basis for the downward deviation he seeks. Rather, it appears to the court that Defendant's success can be attributed in part to the support he receives under supervision. In meeting his family obligations, maintaining regular employment, and following the terms of his supervisory release, Defendant is meeting the basic requirements of the standards imposed on him. (*See* ECF No. 1-1, PageID.5.) And while the court acknowledges that twenty-six years in prison is likely to have a deterrent effect on both Defendant and those considering illegal drug distribution, the havoc Defendant wrought on the South Bend community

through his crack cocaine distribution schemes is not easily forgotten. Public safety therefore requires adequate assurance that Defendant will not revert to past habits; the educational, vocational, medical, and other resources afforded to Defendant through supervised release help to provide that assurance. Defendant has successfully completed forty months of supervised release. The court is optimistic that Defendant will continue this course for his remaining twenty months on supervision. Accordingly,

IT IS ORDERED that Defendant's Motion for Early Termination of Supervised Release (ECF No. 3) is DENIED WITHOUT PREJUDICE.

> s/Robert H. Cleland
> ROBERT H. CLELAND
> UNITED STATES DISTRICT JUDGE

Dated:  April 5, 2023


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 5, 2023, by electronic and/or ordinary mail.

> s/Lisa Wagner
> Case Manager and Deputy Clerk
> (810) 292-6522

S:\Cleland\Cleland\HEB\Criminal\20-20073.BOOKER.MotionForEarlyTerminationFromSupervisedRelease.EKL.docx